# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JIMMIE LEE REECE,

:

    Petitioner,                               Case No. 3: 12-cv-198

:                District Judge Timothy S. Black

  -vs-                                    Magistrate Judge Michael R. Merz

WARDEN, Chillicothe Correctional
  Institution

:

    Respondent.

---

# REPORT AND RECOMMENDATIONS

---

This habeas corpus case is before the Court for initial review pursuant to Rule 4 of the Rules Governing § 2254 Cases which provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Petition pleads that Mr. Reece pled no contest to one count of rape of a person under thirteen and one count of gross sexual imposition on October 17, 1997 (Petition, Doc. No. 1, PageID 2). The plea was pursuant to a plea agreement under which Counts 2, 3, 4, and 5 of the Indictment were dismissed. Mr. Reece was sentenced to a term of imprisonment concurrent with a sentence he was already serving in the State of Michigan. *Id*. ¶ 5. He did not appeal. *Id*. . ¶ 8.

28 U.S.C. §2244 (d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A district court may dismiss a habeas petition *sua sponte* on limitations grounds when conducting an initial review under Rule 4 of the Rules Governing §2254 Cases. *Day v. McDonough*, 547 U.S. 198 (2006)(upholding *sua sponte* raising of defense even after answer which did not raise it); *Scott v. Collins*, 286 F.3d 923 (6th Cir. 2002).

Because Mr. Reece did not appeal, his conviction became final on November 16, 1997, the last date on which he could have appealed. The statute of limitations therefore expired on November 16, 1998, unless somehow tolled. This case was not filed until June 25, 2012, more than thirteen years after the statute ran. Mr. Reece does not cite any facts which would bring his

case within one of the other starting dates for calculating the statute of limitations. He asserts in the body of his Petition that he is actually innocent of these charges, but he presents no new evidence of actual innocence sufficient to bring him within the actual innocence "gateway." Compate *Souter v. Jones,* 395 F.3d 577 (6th Cir. 2005).

Because this case is barred by the statute of limitations, it is respectfully recommended that it be dismissed with prejudice. Reasonable jurists would not disagree with this conclusion, so Mr. Reece should be denied a certificate of appealability. This Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and should therefore not be permitted to proceed *in forma pauperis*

June 25, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).