**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

JIMMIE LEE REECE,

:

    Petitioner,                                  Case No. 3: 12-cv-198

:                District Judge Timothy S. Black
    -vs-                                        Magistrate Judge Michael R. Merz

WARDEN, Chillicothe Correctional
 Institution

:

    Respondent.

---

# REPORT AND RECOMMENDATIONS ON MOTION TO REOPEN

---

This habeas corpus case is before the Court on Petitioner's Motion to Reopen the Case (Doc. No. 6). As a post-judgment motion, it is deemed referred under 28 U.S.C. § 636(b)(3) and requires a recommended decision.

The Petition in this case was filed June 25, 2012 (Doc. No. 1). Petitioner, who is proceeding *pro se*, gave his address as the Chillicothe Correctional Institution, Post Office Box 5500, Chillicothe, Ohio 45601 (Petition, Doc. No. 1, PageID 2). The Magistrate Judge conducted an initial review under Rule 4 of the Rules Governing § 2254 Cases and concluded the case was barred by the one-year statute of limitations in 28 U.S.C. § 2244 since the convictions became final in 1998 and the Petition was not filed until more than thirteen years later (Report and Recommendations, Doc. No. 3.) The docket records a staff note that the Report and Recommendations were mailed to Petitioner on June 26, 2012, at the address stated on the

1

docket, the same as given above. The docket does not record that that piece of mail has ever been returned to the Clerk as undelivered.

The Report advised Petition he had seventeen days in which to file objections (R&R, Doc. No. 3, PageID 40). The time expired on July 13, 2012, and no objections were filed. Two weeks later Judge Black adopted the Report and Recommendations and dismissed the case (Doc. Nos. 4 and 5). A staff note records that the judgment was also mailed Petitioner at the same address and it also has not been returned.

On August 13, 2012, Petitioner signed the instant Motion, styled as a letter and addressed to the Clerk in Cincinnati. In the body of Motion, Mr. Reece claims he wrote to the Clerk on July 16, 2012, to ask the status of his case. He attaches another letter, also directed to the Clerk at Cincinnati (PageID 45-46) and a response from the Cincinnati Clerk's Office dated July 20, 2012, and reciting that there were approximately 26 habeas petitions filed before his which had not yet been ruled on. The letter is not signed by an individual deputy clerk. However, it includes a docket sheet which shows that the Report and Recommendations had been issued on June 26, 2012 (PageID 48). Mr. Reece does not explain why he wrote twice to Cincinnati when his Petition had been filed in Dayton nor why he did nothing in response to the docket entry for almost another month.

As a matter of lenience, the Court might accept Petitioner's excuse, since the Deputy Clerk's letter of July 20, 2012, inaccurately reports that nothing has been decided. However, Petitioner has said nothing in his letter about why his case is not barred by the statute of limitations.

Accordingly, it is hereby recommended that the Motion to Reopen be denied unless Petitioner provides, not later than the day on which objections are due to this Report, a satisfactory explanation of why his case is not barred by the statute of limitations.

The Clerk shall send Petitioner a copy of this Report and of the original Report (Doc. No. 3).

August 20, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).