# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JIMMIE LEE REECE,

      Petitioner,                    :        Case No. 3: 12-cv-198

      -vs-                              :        District Judge Timothy S. Black
                                                                                                          Magistrate Judge Michael R. Merz

WARDEN, Chillicothe Correctional
  Institution
                                               :

      Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

      This case is before the Court on Respondent's Objections (Doc. No. 9) to the Magistrate Judge's Report and Recommendations (Doc. No. 7).   Judge Black has recommitted the case to the Magistrate Judge for reconsideration of the Report in light of the Objections (Doc. No. 10).

      The original Report recommended dismissing the case with prejudice as barred by the one-year statute of limitations enacted by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA").   The Report noted Mr. Reece's conviction became final on November 16, 1997, but the Petition here was not filed until June 25, 2012 (Doc. No. 3, PageID 39).   Judge Black adopted that recommendation when no objections were timely filed and Mr. Reece now seeks to reopen that judgment.

      In the second Report – the one now pending (Doc. No. 7) – this judge recommended not reopening the judgment unless Mr. Reece could show some reason why the Petition was not barred by the statute of limitations.   He attempts to do so by claiming that the trial court never had

1

jurisdiction over his case because the grand jury foreperson did not sign the indictment (Objections, Doc. No. 9, PageID 58). To prove this, he refers to excerpts from the indictment attached to his Petition as Exhibits A, B. and C.

Exhibit A appears to be the first page of an Indictment against Mr. Reece filed in the Montgomery County Common Pleas Court March 19, 1992. Exhibits B and C show that they are the next two pages of the Indictment, docketed as the next two pages of docket book 0785. None of these pages bears the signature of the grand jury foreperson. Instead, on page 0470 (Exhibit C) there is the signature of Assistant County Prosecutor Linda Howland.

If a state court convicts and sentences a person without jurisdiction, the federal courts may properly release that person on writ of habeas corpus; commitment by a court lacking jurisdiction violates the Fourteenth Amendment. *Lonchar v. Thomas*, 517 U.S. 314, 322 (1996). Therefore the Petition states a claim which this Court can consider. However, a number of obstacles prevent this Court from granting habeas relief.

First of all, Mr. Reece has not presented any authority under Ohio law which makes holds that a Common Pleas Court does not have jurisdiction unless an indictment is signed. Mr. Reece has written on Exhibit C that the foreperson's signature is "required by constitutional law," but no case law imposing this requirement as a matter of either federal or Ohio constitutional law is known to this judge. Federal law does not even require the States to use a grand jury at all to initiate felony proceedings. *Hurtado v. California*, 110 U.S. 516 (1884); *Branzburg v. Hayes,* 408 U.S. 665, 687-88 n. 25 (1972); *Gerstein v. Pugh,* 420 U.S. 103 (1975).

Secondly, there is no exception to the AEDPA statute of limitations for claims that the state court lacked jurisdiction. In other words, although it is a claim our courts can consider, it must be

brought within one year of the time the judgment became final, just like any other habeas claim.

Third, Ohio R. Crim. P. 12(C)(1) requires that any claim arising from a defect in the indictment must be brought before trial and no such claim was ever made in the Common Pleas Court.

Fourth, this case was not tried. Instead, Mr. Reece entered a plea of no contest to Count 1 of the Indictment in return for dismissal of the other claims. A guilty or no contest plea renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt. *Menna v. New York,* 423 U.S. 61 (1975). A guilty or no contest plea constitutes a break in the chain of events leading up to it. *Tollett v. Henderson*, 411 U.S. 258 (1973). Federal habeas corpus review of claims raised by a petitioner who has entered a guilty or no contest plea is limited to "the nature of the advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." *Tollett*, 411 U.S. at 266. A guilty or no contest plea bars a defendant from raising in federal habeas corpus such claims as the defendant's right to trial and the right to test the state's case against him. *McMann v. Richardson*, 397 U.S. 759 (1970); *McCarthy*, 394 U.S. at 466.

For the foregoing reasons, it is respectfully recommended that the Motion to Reopen the Judgment be denied. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify that any appeal would be objectively frivolous.

September 4, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.   Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).